IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID L. MORGAN,                          )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          CIVIL ACTION NO. 5:05-0764
                                          )
JO ANNE B. BARNHART,                      )
Commissioner of Social Security,          )
                                          )
          Defendant.                      )

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security

denying the Claimant's application for disability insurance benefits (DIB) under Title II of the Social

Security Act, 42 U.S.C. §§ 401-433. This case was referred to the undersigned United States

Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit Proposed

Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

(Doc. No. 3.) Presently pending before the Court is Plaintiff's Motion for Remand (Doc. No. 10.)

and Defendant's Motion for Judgment on the Pleadings. (Doc. NO. 13.)

The Plaintiff, David L. Morgan (hereinafter referred to as "Claimant"), filed an application

for DIB on September 9, 2003 (protective filing date), alleging disability as of September 15, 2002,

due to degenerative disc disease and chronic neck pain. (Tr. at 53, 54-56, 69.) The claim was denied

initially and upon reconsideration. (Tr. at 24-26, 33-35.) On February 19, 2004, Claimant requested

a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 36.) A hearing was held on January

20, 2005, before the Honorable Brian P. Kilbane. (Tr. at 208-32.) On April 28, 2005, the ALJ issued

a decision denying Claimant's claim for benefits. (Tr. at 15-21.) The ALJ's decision became the

final decision of the Commissioner on August 16, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 6-10.) On September 15, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits.  Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and

prior work experience.  20 C.F.R. § 404.1520(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 16.) Under the second inquiry, the ALJ found that Claimant suffered from degenerative disc disease, which the ALJ found was a severe impairment. (Tr. at 17.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or medically equal the level of severity of any listing in Appendix 1. (Tr. at 17.) The ALJ then found that Claimant had a residual functional capacity to perform  light exertional work, with occasional climbing, balancing, stooping, kneeling, crouching and crawling and no exposure to vibration and hazard. (Tr. at 18.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a cashier, mail clerk, and shipping/receiving clerk. (Tr. at 19.) On this basis, benefits were denied. (Tr. at 20-21.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d

640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on November 9, 1953, and was 51 years old at the time of the administrative hearing. (Tr. at 16, 19, 54, 211.) Claimant had a ninth grade education. (Tr. at 75, 211.) In the past, he worked as a grounds maintenance man, construction laborer, landscape laborer, and house painter. (Tr. at 16, 91-95, 212-16, 227.)

<u>The Medical Record</u>

The Court has considered all evidence of record, including the medical evidence and will discuss it below as it relates to Claimant's arguments.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ's decision contains four inconsistent statements with regard to Claimant's age, education, and the ALJ's analysis at steps four and five of the sequential analysis. (Pl.'s Br. at 3-6.) The Commissioner asserts that these arguments are without merit and that the ALJ's decision is supported by substantial evidence. (Def.'s Br. at 9-12.)

4

1. Claimant's Age.

Claimant first argues that the ALJ erroneously identified him as a "younger individual" in the text of his opinion and in Finding No. 7. (Pl.'s Br. at 3.) As the Commissioner notes and as the record demonstrates, it is undisputed that Claimant was 51 years old at the time of the ALJ's decision. (Def.'s Br. at 9.) The ALJ properly identified Claimant's age in the body of his decision and referenced Medical-Vocational Rule 202.14 as a framework for his decision, which Rule pertains to an individual closely approaching advanced age.[1] Moreover, Claimant testified at the administrative hearing that he was 51 years of age and the VE testified that Claimant was an individual closely approaching advanced age. (Tr. at 211, 227.) Based on the foregoing, it is clear that the ALJ's identification of Claimant as a "younger individual between the ages of 18 and 44," as stated in Finding No. 7 (Tr. at 20.), was a misstatement that did not substantively affect his analysis of any claims. Accordingly, the undersigned finds that the ALJ's error is harmless and his decision is supported by substantial evidence.

2. Claimant's Education.

Claimant next argues that the ALJ erroneously identified his educational level as that of a high school graduate. (Pl.'s Br. at 3.) In the body of his decision and in Finding No. 8, the ALJ identified Claimant as having a twelfth grade or high school education. (Tr. at 16, 19, 20.) However, the evidence of record demonstrates that Claimant had, at most, a ninth grade education. (Tr. at 75, 211, 227.) At the administrative hearing, Claimant testified that he dropped out of school prior to

---

[1] The ALJ references in his opinion Medical-Vocational Rules 202.14 and 202.21. (Tr. at 19-20.) Although Rule 202.21 pertains to "younger individuals," the evidence of record clearly establishes that Claimant was 51 years of age at the time of the ALJ's decision and supports the ALJ's reliance on Rule 202.14. Remanding this case for correction of an error that would not alter the ALJ's decision is not warranted.

completing the tenth grade. (Tr. at 211-12.) Similarly, the VE testified that Claimant had a "limited" education. (Tr. at 227.) Under the Regulations, a limited education is generally defined as a seventh through eleventh grade level of formal education. See 20 C.F.R. § 404.1564(b)(3) (2005). The Commissioner argues that notwithstanding the ALJ's "technical misstatement of [Claimant's] education," the outcome remains the same. (Def.'s Br. at 10-11.) The Commissioner argues that Medical-Vocational Rule 202.10 directs a finding of "not disabled" for an individual closely approaching advanced age with a limited education. (Id.) The Court agrees with the Commissioner and finds that although the ALJ incorrectly referenced Claimant's educational level in his decision, such error is harmless.[2]

In finding Claimant not disabled, the ALJ relied upon the testimony of the VE who testified that an individual of Claimant's age, education, past relevant work experience, and residual functional capacity, was capable of making a vocational adjustment to other work, such as a cashier, mail clerk, and shipping/receiving clerk. (Tr. at 19, 228-29.) As stated above, the VE considered Claimant as having had a limited education. (Tr. at 227.) Consequently, the ALJ's reliance on the VE's testimony assumes a limited education despite the ALJ having stated that Claimant had a high

_____

[2] In support of all four of his claims, Claimant cites *Sweeney v. Shalala*, 1993 WL 350200 (N.D. Ill. Sept. 10, 1993), for the proposition that an ALJ's contradictory conclusions prevent the Court from evaluating the ALJ's reasoning, thereby warranting remand. (Pl.'s Br. at 4.) In *Sweeney*, the ALJ found the VE's testimony that the claimant was unable to perform jobs requiring oral communication with the public persuasive, yet the ALJ found that the claimant was able to work as a cashier, which work required extensive communication with the public. *Id.* The District Court, unable to discern the ALJ's reasoning, remanded the case. *Id.* at *2. This case, however, is distinguishable from *Sweeney*, because all four alleged errors either do not prevent the Court from discerning the ALJ's reasoning or they are harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir 2003); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.")

school education. The ALJ relied on Medical Vocational Rules 202.14 and 202.21 as a framework for his decision. (Tr. at 19.) Although Rules 202.14 and 202.21 pertain to an individual with a high school education or more, Rules 202.10, 202.11, and 202.12 more accurately reflect Claimant's characteristics as an individual closely approaching advanced age, with a limited or less education but having the ability to at least read and speak the English language.[3] 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.10 -12 (2006). These rules direct a finding of "not disabled." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.10-12 (2006). Accordingly, the undersigned concludes that although the ALJ's misstatement of Claimant's educational level was error, it was nevertheless harmless in view of his reliance on the VE's testimony.

3. Shipping/Receiving Clerk Job.

Claimant further argues that at step five of the sequential analysis, the ALJ determined that Claimant retained the RFC for a significant range of work at the light exertional level, yet found that he was capable of performing medium exertional level work as a shipping/receiving clerk. (Pl.'s Br. at 3.) The Commissioner asserts that while the ALJ erred in identifying the shipping/receiving clerk as suitable employment for Claimant, he nonetheless identified two other positions which are performed at the light exertional level. (Def.'s Br. at 12.)

At steps four and five of the sequential analysis, the ALJ must determine the claimant's residual functional capacity (RFC) for substantial gainful activity. "RFC represents the most that an

---

[3] The undersigned notes that Medical-Vocational Rules 202.10-12 are somewhat identical. Rule 202.10 however, pertains to individuals with unskilled or no previous work experience, while Rules 202.11 and 202.12 assume an individual with skilled or semiskilled previous work experience and either transferable or not transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.10-12 (2006). Despite these differences the import of the three Rules remains the same and directs a finding of not disabled. *Id.*

individual can do despite his or her limitations or restrictions." See Social Security Ruling 96-8p,

61 Fed. Reg. 34474, 34476 (1996). Looking at all the relevant evidence, the ALJ must consider the

claimant's ability to meet the physical, mental, sensory and other demands of any job. 20 C.F.R. §

416.945(a)(4) (2004). "In determining the claimant's residual functional capacity, the ALJ has a duty

to establish, by competent medical evidence, the physical and mental activity that the claimant can

perform in a work setting, after giving appropriate consideration to all of her impairments."

Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

The RFC determination is an issue reserved to the Commissioner. See 20 C.F.R. §

416.927(e)(2) (2004).

> In determining what a claimant can do despite his limitations, the SSA must consider
> the entire record, including all relevant medical and nonmedical evidence, such as
> a claimant's own statement of what he or she is able or unable to do.  That is, the
> SSA need not accept only physicians' opinions.  In fact, if conflicting medical
> evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted).

The ALJ determined that Claimant had the RFC to perform a significant range of light work

which required only occasional climbing, balancing, stooping, kneeling, crouching, and crawling,

and no exposure to vibration and hazards. (Tr. at 18, 20 Finding 10.) Based on the VE's testimony,

the ALJ concluded at step five of the sequential analysis, that Claimant was capable of working as

a cashier, mail clerk, and shipping/receiving clerk. Claimant correctly notes that the

shipping/receiving clerk position is generally performed at the medium exertional level, not the light

exertional level. U.S. Department of Labor, Dictionary of Occupational Titles (DOT) § 222.387-050

(4th ed. 1991). However, as the Commissioner notes, the cashier and mail clerk positions are

generally performed at the light exertional level. DOT §§ 209.687-026, 211.362-010, 211.462-010.

Accordingly, the undersigned concludes that although the ALJ's finding that Claimant was capable of performing the shipping/receiving clerk position was error, it was nevertheless harmless in view of his finding that Claimant was capable of performing two other jobs which matched his RFC.

4. <u>Claimant's Past Relevant Work</u>.

Finally, Claimant argues that in Finding No. 9, the ALJ stated that Claimant had no transferrable skills from any past relevant work and that the transfer of skills was not an issue in this case, yet the ALJ failed to find at step four of the sequential analysis that Claimant could not perform his past relevant work ("PRW"). (Pl.'s Br. at 4.) The Commissioner argues that because the ALJ proceeded to step five of the sequential analysis, common sense dictates that "he did not find the claimant 'not disabled' at step four (past relevant work)." (Def.'s Br. at 11.) Moreover, the Commissioner argues that because Claimant's past relevant work was medium to very heavy in exertional level and the ALJ limited him to performing work at the light exertional level, the ALJ could not have found that Claimant could have performed his PRW. (<u>Id.</u>)

The undersigned agrees with the Commissioner and finds that although the ALJ erred in his failure to find specifically at step four that Claimant was not disabled, it is clear from the ALJ's RFC finding and procession through the sequential analysis that Claimant was unable to perform his PRW. In his decision, the ALJ specifically acknowledged the five step sequential analysis. (Tr. at 16.) At steps four and five, the ALJ determined that Claimant retained the RFC for work at the light exertional level, limited by occasional postural limitations and an avoidance of exposure to vibration and hazards. (Tr. at 17-18.) At the administrative hearing, the VE testified that Claimant's PRW, (ground maintenance worker, construction laborer, landscape laborer, and painter) ranged from medium to very heavy in exertional level. (Tr. at 227.) Relying on the VE's testimony as to whether

9

jobs existed in the national economy "for an individual of the claimant's age, education, past relevant work experience and residual functional capacity," the ALJ found at step five of the sequential analysis that Claimant was "capable of making a vocational adjustment to other work." (Tr. at 19.) It can be inferred from this statement and the ALJ's analysis of Claimant's RFC that the ALJ considered Claimant unable to perform his PRW. Nevertheless, because the ALJ found Claimant not disabled at step five, the undersigned finds the ALJ's error at step four harmless.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **DENY** Plaintiff's Motion for Remand (Doc. No. 10.), **GRANT** the Commissioner's Motion for Judgment on the Pleadings (Doc. No. 13.), and **DISMISS** this action from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91, 94 (4th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).  Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

   The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

   ENTER: January 24, 2007.

R. Clarke VanDervort
United States Magistrate Judge

11